**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GABRIEL F. OLADEINDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-1335-M |
| ) | |
| SWIFT TRANSPORTATION ) | |
| CORPORATION and OKLAHOMA ) | |
| EMPLOYMENT SECURITY ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court are defendant Oklahoma Employment Security Commission ("OESC") and Richard McPherson's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed January 9, 2013, and defendant Swift Transportation Services, LLC's ("Swift"), formerly known as Swift Transportation Company, Motion to Dismiss, filed January 11, 2013. On January 22, 2013, *pro se* plaintiff filed his response,[1] and on January 29, 2013, Swift filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

In July 2012, Swift employed plaintiff as a truck driver. On September 15, 2012, Swift terminated plaintiff's employment for inappropriate language and unprofessional conduct in the workplace.

On October 28, 2012, plaintiff applied for unemployment benefits with the OESC. In a Notice of Determination, mailed on November 14, 2012, the OESC denied plaintiff's claim for

---

[1] On February 4, 2013, the Court construed plaintiff's Motion to Stay as a response to defendants' motions.

unemployment benefits because plaintiff was discharged for misconduct connected to his work. On December 28, 2012, the Appeal Tribunal of the OESC affirmed the OESC's determination. Subsequently, on January 3, 2013, plaintiff appealed the Appeal Tribunal's decision to the OESC's Board of Review. The Board of Review has not issued an opinion as to plaintiff's appeal.

On December 4, 2012, plaintiff filed his Complaint against Swift, and on December 28, 2012, plaintiff amended his Complaint to add OESC and Richard McPherson as defendants. OESC and Richard McPherson move to dismiss plaintiff's Complaint based upon a lack of subject matter jurisdiction. Swift moves to dismiss plaintiff's Complaint because, as a private company, Swift cannot be liable for a violation of plaintiff's First Amendment rights.

II.  Discussion

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(1), the Tenth Circuit has stated:

> [t]he Federal Rules of Civil Procedure instruct that [w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.

*Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (internal quotations and citations omitted). Additionally, the Supreme Court has long held that a federal district court "does not sit to review on appeal action taken administratively or judicially in a state proceeding" absent Congress providing a statute for jurisdiction. *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 581 (1954).

Having carefully reviewed the parties' submissions, and having liberally construed plaintiff's complaint,[2] the Court finds that this Court lacks subject matter jurisdiction over this matter. Specifically, the Court finds that there is no diversity jurisdiction under 28 U.S.C. § 1332(a) because plaintiff has not alleged that the parties are diverse or the amount in controversy exceeds $75,000. Additionally, plaintiff has not asserted a claim raising federal question jurisdiction under 28 U.S.C. § 1331. While plaintiff seeks to review the OESC's decision, the Court finds that, absent a statute providing plaintiff jurisdiction, the Court must dismiss this matter.

Accordingly, the Court finds that plaintiff has failed to allege a sufficient basis to invoke subject matter jurisdiction.

### III.   Conclusion

For the reasons stated above, the Court GRANTS OESC and Richard McPherson's Motion to Dismiss for Lack of Subject Matter Jurisdiction [docket no. 13] and DISMISSES this action. Further, the Court finds Swift's Motion to Dismiss [docket no. 20] is MOOT.

**IT IS SO ORDERED this 15th day of February, 2013.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972), requires a liberal construction of *pro se* complaints. However, while a district court should "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail," it not the proper function of the district court to assume the role of advocate for the *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).